# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TANYA MORROW | § |
| | § Civil Action No. 4:15-CV-747 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| BRUCE MCFARLING, 362ND JUDICIAL | § |
| DISTRICT JUDGE, DENTON COUNTY, | § |
| TEXAS; ET AL. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Notice of Judicial Conflicts of Interest and Motion for Mandatory Recusal and Affidavit of Tanya Morrow Regarding Manifest Judicial Conflicts of Interest ("Motion to Recuse") (Dkt. #68). Having considered the relevant pleadings, the Court finds Plaintiff's Motion to Recuse (Dkt. #68) should be denied.

Plaintiff[1] filed the instant Motion to Recuse on December 1, 2017, seeking to recuse the undersigned under 28 U.S.C. § 455 (*see* Dkt. #68). Construing the Motion to Recuse liberally, *pro se* Plaintiff alleges, as the basis for recusal, that the undersigned "criminally perpetrat[ed], aid[ed] and abet[ted] the very same routine patterns, practices and patterns of the same wholly unconstitutional actions complained of and constitutionally challenged within this case, as a former state judge of the State of Texas" (Dkt. #68-1 at pp. 1–2). Aside from this statement, the remainder of Plaintiff's Motion to Recuse merely makes allegations against the broader legal community involved in child custody proceedings (of which she includes the undersigned) and its various ethical shortcomings in the context of child custody proceedings, including: "knowingly

---

[1] Plaintiff Tanya Morrow declares that she asserts this Motion on behalf of herself and her two minor children, JRM III and JMLM. Because she is not entitled to move for relief on behalf of her children, the Court refers to Plaintiff as Tanya Morrow, only. *See, e.g., Sprague v. Dep't of Family & Protective Servs.*, 547 F. App'x 507, 508 (5th Cir. 2013) (affirming court's dismissal of mother's § 1983 claims brought on behalf of her minor child).

defrauding away the fundamental constitutional rights and interests of approximately one-half of all such natural parents" (Dkt. 68 at p. 5), "criminally conspiring in that creation of yet another wholly false, utterly fictitious and fraudulent state court [custody] 'order'" (Dkt. #68 at p. 5), "knowingly and willingly and routinely allow the same said attorneys to 'drum up' their business and thereby-falsified billable hours by unconstitutionally engaging in any and all endless manners of frivolously irrelevant issues" (Dkt. #68 at p. 7), getting "their own 'cut of the pie' of all such Title IV-D monies collected routinely from … falsely-created 'noncustodial' parents" (Dkt. #68 at p. 8), and violating multiple state and federal criminal laws (Dkt. #68 at pp. 9–13).

Under § 455, Plaintiff, as the party moving to recuse, bears "a heavy burden of proof" in showing the Court should recuse. *E.g.*, *United States v. Reggie*, No. 13-111-SDD-SCR, 2014 WL 1664256, at *2 (M.D. La. Apr. 25, 2014). The statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)).

The United States Supreme Court has made clear "[t]he recusal inquiry must be made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts* and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004) (emphases added); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1098 (2017). The Fifth Circuit has interpreted this mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather

than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995). Further, the recusal inquiry is "extremely fact intensive and fact bound" and requires "a close recitation of the factual basis for the . . . recusal motion" by the movant. *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000). A court's own analysis must likewise "be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the facts and circumstances of the particular claim." *Id.*; *see also United States v. Bremers*, 195 F.3d 221, 226–27 (5th Cir. 1999) (finding that a "similar situation" presented in another case calling for the same district judge's recusal merited independent consideration). Fortuitous timing of a recusal motion—immediately following an unfavorable ruling, for example—warrants closer consideration of the movant's intent in seeking recusal. *See United States v. Vadner*, 160 F.3d 263, 264 (5th Cir. 1998) ("The most egregious delay—the closest thing to per se untimeliness—occurs when a party already knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the judge before raising the issue of recusal.").

In the instant case, and as noted *supra*, Plaintiff asserts recusal is appropriate because the undersigned is a former "justice on the Court of Appeals for the Fifth District of Texas at Dallas" (Dkt. #68-1 at p. 1). Plaintiff's Motion fails to detail any specific instances or actions meriting recusal of the undersigned other than the undersigned's general status as a former state appellate

3

judge; instead her Motion consists of broad, sweeping accusations concerning the entire legal community practicing family law. Furthermore, none of Plaintiff's accusations are supported by any authority or fact (that involves any specific involvement of the undersigned).

Broadly construed, the entirety of Plaintiff's unfounded accusations relate to the undersigned's potential rulings as a state appellate judge. Such actions cannot form the basis of a motion to recuse in the instant case. *Beemer v. Holder*, No. CV B-08-449, 2011 WL 13180172, at *4 (S.D. Tex. Aug. 19, 2011) (finding *pro se* plaintiff's allegations that the presiding judge's determinations in other cases formed a basis for the judge's recusal in the pending case "[ran] afoul of the settled rule that 'inferences drawn from prior judicial determinations are insufficient grounds for recusal'"). "[T]rial *rulings* have a judicial *expression* rather than a judicial *source*" such that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 545, 555 (1994) (emphasis in original) (citing *United States v. Grinnell*, 384 U.S. 563, 583 (1966)). A judge's rulings instead "are proper grounds for appeal, not for recusal." *Id.* at 555. Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (noting also that this applies to opinions manifested as "judicial remarks"). The Court finds no basis for recusal in this matter.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Notice of Judicial Conflicts of Interest and Motion for Mandatory Recusal and Affidavit of Tanya Morrow Regarding Manifest Judicial Conflicts of Interest (Dkt. #68) is hereby **DENIED**.

**IT IS SO ORDERED**.
SIGNED this 18th day of December, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE