# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TANYA MORROW | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-747 |
| | § | (Judge Mazzant/Judge Nowak) |
| STATE OF TEXAS, ET AL. | § | |

**MEMORANDUM ADOPTING IN PART REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On October 10, 2017, the report of the Magistrate Judge (Dkt. #61) was entered containing proposed findings of fact and recommendations that Defendants Bruce McFarling's and Jonathan Bailey's Motion to Dismiss (Dkt. #39) be granted in part and denied in part, Defendant David D. Garcia's Second Motion to Dismiss be denied as moot (Dkt. #41), and Defendant Denton County's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Dkt. #40), and Defendants Andrew J. Passons, Lewis and Passons, PC, and John R. Morrow, Jr.'s Motion to Dismiss for Plaintiff's Failure to State Claim and/or Motion to Abstain (Dkt. #44) each be granted. Having received the report and recommendation of the Magistrate Judge, having considered Plaintiff Tanya Morrow's ("Morrow") timely filed objections (Dkt. #66), the State of Texas and Judges Bruce McFarling and Johnathan Bailey's Response to Plaintiff's Objections to Magistrate's Report and Recommendation (Dkt. #67), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report (Dkt. #61) should be adopted in part as detailed herein. Additionally, the Court finds that Plaintiff's "Verified Motion for Appointment of Counsel for Minor Plaintiffs" (Dkt. #47) should be denied.

**BACKGROUND**

The underlying facts are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety. Accordingly, the Court sets forth only those facts pertinent to the filed objections.

Plaintiff Tanya Morrow and Defendant John R. Morrow, Jr., divorced "with an easily and quickly Agreed Order approved by Defendants [Judge Bruce] McFarling and [Attorney Andrew] Passons as to primary child custody permanently with [Plaintiff]" (Dkt. #24 at p. 17). Plaintiff avers that the divorce and custody issues were "easily and quickly" resolved because "Defendant John [Morrow] was never allowed to ever have any primary custody of minor children under Texas laws" (Dkt. #24 at p. 17) (emphasis in original). In June 2016, Plaintiff's ex-husband, John Morrow, Jr., allegedly orchestrated Plaintiff's arrest for a traffic violation, and pursued a "$100,000 bond *for a mere traffic violation* … to keep [Plaintiff] falsely incarcerated for at least a short period of time without any reasonable possibility to even post bond" (Dkt. #24 at p. 17) (emphasis in original). Judge David Garcia presided over Plaintiff's criminal proceedings. Simultaneous with Plaintiff's arrest, Attorney Passons and Judge McFarling enacted "a clearly fraudulent, wholly trumped-up 'order,'" wherein "total primary child custody [was given] to John Morrow, Jr" (Dkt. #24 at pp. 17, 18) (emphasis in original). Attorney Passons, Judge McFarling, and Judge Johnathan Bailey, who "replac[ed] [Judge] McFarling later in the state court [custody] case," then "illegally conspired to further their criminal acts with then manifest 'gag' orders against First Amendment rights, to attempt criminal cover-up" (Dkt. #24 at p. 18).

Thereafter, Plaintiff Tanya Morrow filed this suit against Judges McFarling, Bailey, and Garcia for their alleged violations of Plaintiff's federal and state constitutional rights (Dkt. #1 at p. 3). On November 16, 2015, Judges McFarling and Bailey filed their initial Motion

to Dismiss, asserting that judicial immunity, qualified immunity, and the Eleventh Amendment barred Plaintiff's claims against them (Dkt. #8 at pp. 4–7). On November 24, 2015, Judge Garcia filed a Motion to Dismiss, also asserting that judicial immunity, qualified immunity, and official immunity bar Plaintiff's claims against him (Dkt. #11 at p. 3).

On March 23, 2017, the Court denied the pending motions to dismiss as moot, and ordered Plaintiff to file an Amended Complaint on or before April 24, 2017 (Dkt. #20). After the Court granted Plaintiff an extension (Dkt. #22), Plaintiff filed her Amended Complaint[1] on May 24, 2017 (Dkt. #24). In her Amended Complaint, Plaintiff purportedly adds five defendants: (1) Denton County; (2) the State of Texas; (3) Attorney Passons; (4) Lewis and Passons, P.C.; and (5) John R. Morrow, Jr. (Dkt. #24). Plaintiff alleges that her "fundamental rights to the constitutionally-guaranteed retention of [her] natural child custody rights (and of all attendant rights thereto), were defrauded knowingly, willfully, and intentionally by the legal professionals criminally conspiring within the instant state court case complained of, to-wit: the state court judges (Defendants McFarling and Bailey), and Defendants Passons and Lewis & Passons as the family law attorney and firm familiar to and within Defendant Denton County, all of them acting fraudulently against law and the federal Constitution, as sanctioned by Defendant State of Texas" (Dkt. #24 at pp. 18–19). Plaintiff alleges that Denton County "routinely and regularly provided and does currently provide various material, equipment, facility, supplies, financial and other material participation types of support to the individually named Defendants" (Dkt. #24 at p. 14). Plaintiff further alleges that Defendant Morrow coordinated her fraudulent arrest and detention, and subsequently enabled the state court's deprivation of Plaintiff's custodial rights (Dkt. #24 at p. 17). Plaintiff claims these

---

[1] On May 24, 2017, Plaintiff filed with her Amended Complaint: Memorandum of Law Clarifying Established Federal Jurisdiction (Dkt. #25); Notice of Constitutional Questions to Texas State Statutory Schemes (Dkt. #26); Demand for Jury Trial (Dkt. #27); and Notice of Special *Pro Se* Litigant Rights (Dkt. #28).

actions violated her First, Fourth, Fifth, and Fourteenth Amendment rights under the U.S. Constitution, and her rights under the Texas Constitution (Dkt. #24 at pp. 19–20). Notably, in addition to filing her Amended Complaint on May 24, 2017, Plaintiff also voluntarily dismissed Judge Garcia from this case (Dkt. #29).

On June 15, 2017, Judges Bailey and McFarling filed their Motion to Dismiss Amended Complaint on the Basis of Judicial, Qualified, Eleventh Amendment and Sovereign Immunity (Dkt. #39), Judge Garcia filed his (Second) Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Dkt. #41), and Denton County filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Dkt. #40). On June 17, 2017, Andrew J. Passons, Lewis and Passons, PC, and John R. Morrow, Jr., filed their Motion to Dismiss for Plaintiff's Failure to State Claim and/or Motion to Abstain (Dkt. #44). On July 11, 2017, the Court ordered Plaintiff to respond to the Motions to Dismiss by July 25, 2017 (Dkt. #56). Plaintiff failed to do so.

On October 10, 2017, the Magistrate Judge entered a report and recommendation (Dkt. #61), recommending: (1) that Defendants Bruce McFarling's and Jonathan Bailey's Motion to Dismiss be granted in part and denied in part; (2) Defendant David D. Garcia's Second Motion to Dismiss be denied as moot; (3) Defendant Denton County's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim be granted; and (4) Defendants Andrew J. Passons, Lewis and Passons, PC, and John R. Morrow, Jr.'s Motion to Dismiss for Plaintiff's Failure to State Claim and/or Motion to Abstain be granted.

On October 27, 2017, Plaintiff requested an extension of time to file her objections (Dkt. #62); the Court granted Plaintiff an extension and ordered her objections to be filed by November 13, 2017 (Dkt. #63). Plaintiff filed objections to the report on November 13, 2017

(Dkt. #66). The State of Texas and Judges Bailey and McFarling responded to Plaintiff's objections on November 16, 2017 (Dkt. #67).

**OBJECTIONS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

In her objections, Plaintiff argues that the Magistrate Judge's findings are flawed because: (1) the Report and Recommendation fails to address any of the claims asserted by her two minor children, "JRM III and "JMLM" (Dkt. #66 at p. 3); (2) the Report and Recommendation does not address the State of Texas as a defendant in this case (Dkt. #66 at p. 3); (3) Eleventh Amendment immunity is inapplicable in this case because "**42 USC § 2000d-7(a)(1) expressly waives and abrogates all defensive claims under Eleventh Amendment immunity theories herein**" (Dkt. #66 at pp. 4–5) (emphasis in original); (4) sovereign and judicial immunity are unavailable in this case because Judges Bailey and McFarling engaged in criminal behavior (Dkt. #66 at pp. 6–7); (5) Attorney Passons "is, by the express law of Texas, an officer of the courts" and therefore, he and his law firm, Lewis & Passons, are state actors under § 1983 (Dkt. #66 at p. 8); and (6) dismissal under Rule 41 is inappropriate because Plaintiff paid the filing fee and has updated the Court with her most current address (Dkt. #66 at p. 1).

### *1.    Claims Asserted on Behalf of Minor Children*

Plaintiff objects that the Magistrate Judge has neglected to address the claims Plaintiff asserted on behalf of her minor children, JRM III and JMLM (Dkt. #66 at p. 3). The Report and Recommendation does not address any claims specifically raised on JRM III and JMLM's behalf.

5

Plaintiff has filed a "Verified Motion for Appointment of Counsel for Minor Plaintiffs," seeking court-appointed counsel for her minor children which was not addressed by the Magistrate Judge (Dkt. #47). Plaintiff asserts, "as a parent with superior rights to and over the minor children in question, I. . . hereby do invoke the legal power to submit this motion on behalf of them individually, and further reserve the final and highest power of approval of any such appointed counsel" (Dkt. #47 at p. 4) (internal parenthetical omitted). As the Report and Recommendation found and as discussed in relation to Plaintiff's objections below, the claims raised in Plaintiff's pleadings lack an arguable basis in law. Because the claims asserted in Plaintiff's pleadings lack federal jurisdiction and/or an arguable basis in law, the Court declines to appoint counsel for Plaintiff's minor children. *Hardaway ex rel. D.A. v. Dallas Indep. Sch. Dist.*, No. 3:12-CV-3295-L-BK, 2013 WL 1245565, at *6 (N.D. Tex. Mar. 8, 2013), *report and recommendation adopted,* No. 3:12-CV-3295-L-BK, 2013 WL 1249578 (N.D. Tex. Mar. 26, 2013) (Lindsay, J.); *Terry v. Inocencio*, No. 3:11-CV-0660-K BK, 2011 WL 4527377, at *2 (N.D. Tex. Sept. 6, 2011), *report and recommendation adopted,* No. 3:11-CV-00660-K, 2011 WL 4485819 (N.D. Tex. Sept. 27, 2011) (Kinkeade, J.).

Insofar as Plaintiff seeks to also raise any of those claims she asserts on behalf of her minor children, the Court finds that she may not assert such claims. In federal court, parties are guaranteed by statute the right to proceed *pro se*. However, Plaintiff cannot proceed *pro se* on behalf of anyone other than herself. *Sprague v. Dep't of Family & Protective Servs.*, 547 F. App'x 507, 508 (5th Cir. 2013) (affirming court's dismissal of mother's § 1983 claims brought on behalf of her minor child) (citing *Johnson v. Lufkin Daily News,* 48 F. App'x 917 (5th Cir. 2002)); *see also Morgan v. Texas,* 251 F. App'x 894, 896 n. 2 (5th Cir. 2007) (noting that because the plaintiff was proceeding *pro se,* she did not have the authority to assert claims on behalf of the minor child);

*Aduddle v. Body,* 277 F. App'x 459 (5th Cir. 2008) (holding that even assuming the grandfather was the legal guardian of the grandchild, because he was not an attorney, he did not have the authority to represent her on a *pro se* basis).

Accordingly, insofar as Plaintiff asserts claims on behalf of JRM III and JMLM, such claims are dismissed without prejudice.[2] This objection is overruled.

## 2. *Claims Against the State of Texas*

Plaintiff objects that the Magistrate Judge failed to address the claims asserted against the State of Texas in this case (Dkt. #66 at p. 3). The Court finds that Plaintiff's objection is unsupported by the record. After detailing the law regarding Eleventh Amendment immunity, the Magistrate Judge specifically noted:

> In the present case, the Eleventh Amendment bars (and divests the Court of jurisdiction over) Plaintiff's claims against the *State of Texas* and Judges McFarling, Bailey, and Garcia in their official capacities. Claims against Texas county judges applying state and/or federal law, like those Plaintiff raises here, *constitute claims against the state* [and therefore, are barred by Eleventh Amendment immunity].... And because Plaintiff fails to allege that Judges McFarling, Bailey, and Garcia have engaged in any ongoing violation of federal law, their sovereign immunity also shields them from Plaintiff's claim for prospective relief—i.e., her claim for their "[i]mmediate disqualification…from all matters…present or future." Accordingly, the Eleventh Amendment bars Plaintiff's *claims against the State of Texas* and Judges McFarling, Bailey, and Garcia in their official capacities and, in any event, divests the Court of jurisdiction over same.

(Dkt. #61 at pp. 14–15) (emphasis added) (internal citations omitted). As is clearly evident, the Report and Recommendation did analyze Plaintiff's claims against the State of Texas. Accordingly, Plaintiff's objection is overruled.

---

[2] The Court notes that JRM III and JMLM's claims are not barred by the statute of limitations. *Terry*, No. 3:11-CV-0660-K BK, 2011 WL 4527377, at *2, n.4 ("Tex. Civ. Prac. & Rem. Code [] § 16.001 [] tolls the statute of limitations if the plaintiff is under 18 years of age. Consequently, in the event that Plaintiff's minor children have colorable claims, the statute of limitations will not begin to run until they reach their 18th birthday.") (citing *Hickey v. Irving Indep. Sch. Dist.,* 976 F.2d 980, 984 (5th Cir. 1992) (claim was tolled until plaintiff reached 18th birthday)); *see also Hardaway*, 2013 WL 1245565, at *6, n.3 (same).

### 3. *Eleventh Amendment and Judicial Immunity*

Plaintiff next objects that the State of Texas and Judges McFarling and Bailey are not entitled to Eleventh Amendment immunity because Congress has expressly abrogated that immunity under 42 U.S.C. § 2000d-7(a)(1) (Dkt. #66 at p. 4). Plaintiff alleges that "[t]he instant 'family courts' complained of are in fact 'programs and activities' under 42 USC § 2000d-4a" (Dkt. #66 at p. 4) (emphasis omitted). 42 U.S.C. § 2000d-7(a)(1) states that "[a] State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of. . .[T]itle VI of the Civil Rights Act of 1964 [42 U.S.C. § 2000d, et seq.]." 42 U.S.C. § 2000d states "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." The Court notes that Plaintiff has not asserted any claim under § 2000d, and therefore, this provision is inapplicable to her case. Plaintiff's claims are barred by the State of Texas and Judges McFarling and Bailey's Eleventh Amendment immunity. *Goonewardena v. New York*, 475 F. Supp. 2d 310, 329 (S.D. N.Y. 2007) ("While the acceptance of federal funds by a state entity waives that state's immunity for purposes of [§2000d], it does not for purposes of section 1983. Further, section 1983 does not abrogate a state's Eleventh Amendment immunity.") (citing *Edelman v. Jordan,* 415 U.S. 651, 673 (1974); *Quern v. Jordan,* 440 U.S. 332 (1979); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (*per curiam*)); *see also Brown v. United States Postal Inspection Serv.*, 206 F. Supp. 3d 1234, 1254 (S.D. Tex. 2016) (court found plaintiff's § 1983 claims barred by Eleventh Amendment immunity, but considered the merits of plaintiff's § 2000d claims). Accordingly, this objection is overruled.

Plaintiff also argues that Judges McFarling and Bailey are not entitled to Eleventh Amendment immunity (for the § 1983 claims asserted against them in their official capacities) or judicial immunity (for the § 1983 claims asserted against them in their individual capacities) because "there are no defensive claims of any 'immunity' available unto governmental actors who clearly committed criminal behaviors to defraud justice and due process" (Dkt. #66 at p. 6).

"Eleventh Amendment immunity is not absolute: a state may consent to suit or Congress may, in certain instances, abrogate the states' Eleventh Amendment immunity. However, 'absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.'" *Liu v. Jackson*, No. 4:09-CV-415-A, 2010 WL 342251, at *3 (N.D. Tex. Jan. 29, 2010) (court dismissed fraud claims against state officials in their official capacities pursuant to Eleventh Amendment immunity) (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). Under *Ex Parte Young,* 209 U.S. 123 (1908), an exception to Eleventh Amendment immunity applies "if a suit alleging violations of federal law is 'brought against individual persons in their official capacities as agents of the state, and the relief sought [is] declaratory or injunctive in nature and prospective in effect.'" *Id*. at *3 n. 4 (quoting *Aguilar v. Texas Dep't of Crim. Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998)). This exception applies only where there is an "allegation of an ongoing violation of federal law where the requested relief is prospective." *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 281 (1997).

In the instant case, Plaintiff's allegations concern only the past actions of Judges Bailey and McFarling. "As [P]laintiff's claims do not allege an ongoing violation of federal law, the *Young* exception does not apply." *See id*. Accordingly, this objection is overruled. Plaintiff's claims against the State of Texas and Judges Bailey and McFarling in their official capacities are dismissed without prejudice.

Moreover, as the Court has stated previously, "judges have absolute immunity from lawsuits when they perform a normal judicial function, unless they are acting in the clear absence of all jurisdiction." *Paselk v. Texas*, No. 4:13-CV-97, 2013 WL 6187005, at *8 (E.D. Tex. Nov. 26, 2013) (Mazzant, J.) (citing *Stump v. Sparkman,* 435 U.S. 349, 357–60 (1978)). "A judge is not deprived of immunity because the action he took was erroneous, malicious, or exceeded his authority. A judicial act is one that is a function normally performed by a judge, that occurred in the courtroom or appropriate adjunct spaces such as a judge's chambers, involved a controversy centered around a case pending before the court, and arose directly out of a visit to the judge in her official capacity." *Id*. (citing *Stump,* 435 U.S. at 360–62); *see also Mitchell v. McBryde,* 944 F.2d 229, 230 (5th Cir. 1991) ("Judges are immune from damage claims arising out of acts performed in the exercise of their judicial functions, even when the judge is accused of acting maliciously . . . . The fact that it is alleged that the judge acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity."). "A judge is subject to liability only if he/she acts in the clear absence of all jurisdiction." *Id*. Plaintiff may not argue around Judges McFarling and Bailey's judicial immunity by alleging both individuals "committed criminal behaviors to defraud justice and due process." Plaintiff has failed to allege, much less demonstrate with factual support, that Judges Bailey and McFarling's actions were in the clear absence of all jurisdiction. Accordingly, this objection is overruled.

*4. Claims Against Non-State Actors*

Plaintiff argues that Attorney Passons (and therefore, Lewis & Passons) is a state actor under § 1983 because "by the express law of Texas, an officer of the courts, fully and expressly sanctioned by Defendant State of Texas, hence in every fraud he committed, Mr. Passons was arguably acting NOT as a private person, but directly as a state actor, and hence both he and his

law firm are fully and completely amenable [sic] to all remedies herein" (Dkt. #66 at p. 8) (emphasis in original).

A plaintiff has a cause of action under § 1983 if she alleges that she has been deprived of a right secured by the Constitution by one acting under color of state law. *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970). If the defendant is a private actor, "the challenged 'conduct allegedly causing the deprivation of a federal right' must be 'fairly attributable to the State' for Section 1983 to apply." *Id*. (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). A private party's actions are fairly attributable to the state if the constitutional deprivation is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and "the party charged with the deprivation [is] . . . a person who may fairly be said to be a state actor." *Id*. Private attorneys are not official state actors, and generally are not subject to suit under § 1983. *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972); *Eaves v. Texas*, 427 F. App'x 378, 379 (5th Cir. 2011); *see also Watson v. Clark*, No. 107-CV-30, 2007 WL 1170735, at *1 (E.D. Tex. Apr. 18, 2007) (collecting cases). Private parties may have acted under color of law when they conspire with state officials, or when they willfully engage in joint activity with a state or its agents. *See Adickes,* 398 U.S. at 152 (quoting *United States v. Price,* 383 U.S. 787, 794 (1966)); *see also Lugar,* 457 U.S. at 939 n. 21 (1982).

The Magistrate Judge found:

> Plaintiff's conclusory allegations that Defendants Passons and Lewis & Passons, P.C. conspired with the state court judges to wrongfully deprive her of her parental rights are insufficient to state a claim for relief against these Defendants under § 1983…. Here, Plaintiff fails to substantiate her claim of conspiracy beyond the conclusory allegation that one existed. Under Fifth Circuit precedent, this is insufficient and Plaintiff's claims of a conspiracy are without merit. Furthermore, all of Lewis & Passons, P.C. and Passons's actions alleged by Plaintiff in her Amended Complaint revolve around Passons's representation of his client and the

11

law firm's retention of Passons as an attorney. Mere representation of his client does not make Passons or the firm he worked for "state actors" for § 1983 purposes.

(Dkt. #61 at pp. 21, 22) (internal citations and footnotes omitted).

Plaintiff's objection that Attorney Passons is a state actor because he is licensed under Texas law is insufficient. As noted in the Report and Recommendation, under federal law, private attorneys are generally not state actors under § 1983 for their actions taken in representing their clients. *Nelson*, 469 F.2d 1155; *Eaves v. Texas*, 427 F. App'x at 379 (5th Cir. 2011); *Watson*, 2007 WL 1170735, at *1. Plaintiff's objection is therefore overruled.

5.   *Federal Rule of Civil Procedure 41*

In the Report and Recommendation, the Magistrate Judge alternatively recommended that the Court dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 41 for failing to pay the filing fee, update her current address, and comply with Court Orders. The Court finds it inconsistent that the Magistrate Judge recommends dismissal on both Rule 12(b)(1) and Rule 12(b)(6) grounds, as well as finding that Plaintiff failed to prosecute her case under Rule 41 (which would be a dismissal without prejudice).

Moreover, Plaintiff avers that she has paid the filing fee and also that her address with the Court is her current address. Having reviewed the docket, the record is filled with instances, even as recent as November 6, 2017, where copies of the Court's Orders have been undeliverable and marked as "Return to Sender, Unclaimed, Unable to Forward" by the U.S. Postal Service (Dkts. #14, #23, #38, #57, #60, #64). As such, the issue related to Plaintiff's address is unclear; however, the Court finds that Plaintiff has paid the filing fee (Dkt. #1). While Plaintiff is alleged to have an unpaid balance due to the U.S. Marshals Service, the Magistrate Judge's statement that the filing fee remained unpaid was in error; such fee has been paid. Notwithstanding, because the Court finds the Magistrate Judge's recommendation of dismissal pursuant to Rule 41 is

inconsistent with the other findings and inconsistent with the case's record, the Court rejects that portion of the Report and Recommendation recommending dismissal of Plaintiff's claims for her failure to prosecute.

## CONCLUSION

Having considered Morrow's timely filed objections (Dkt. #66), the State of Texas and Judges Bailey and McFarling's response thereto, and having conducted a de novo review, the Court partially adopts the Magistrate Judge's report (Dkt. #61) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Defendants Bruce McFarling's and Jonathan Bailey's Motion to Dismiss (Dkt. #39) is **DENIED** as to their request for attorney's fees and costs and **GRANTED** in all other matters.

It is further **ORDERED** that Defendant David D. Garcia's Second Motion to Dismiss be **DENIED AS MOOT** (Dkt. #41).

It is further **ORDERED** that Defendant Denton County's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Dkt. #40), and Defendants Andrew J. Passons, Lewis and Passons, PC, and John R. Morrow, Jr.'s Motion to Dismiss for Plaintiff's Failure to State Claim and/or Motion to Abstain (Dkt. #44) each be **GRANTED**.

It is further **ORDERED** that Plaintiff's "Verified Motion for Appointment of Counsel for Minor Plaintiffs" (Dkt. #47) is **DENIED**.

It is further **ORDERED** that Plaintiff Tanya Morrow's claims asserted on behalf of her minor children, JRM III and JMLM, and her claims asserted against Denton County, the State of Texas, Judges Bailey and McFarling in their individual and official capacities, Attorney Andrew

Passons, Passons & Lewis, P.C., and John R. Morrow, Jr., are hereby **DISMISSED**. As a result, Plaintiff has no remaining claims.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 25th day of March, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE